Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000397
29-SEP-2017
08:10 AM

NO. CAAP-16-0000397

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MN, Plaintiff-Appellee,
v.
MN, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 14-1-6236)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant M.N. (**Father**) appeals from a "Decree Granting Absolute Divorce and Awarding Child Custody" entered on May 6, 2016, and a "Decision and Order Following September 21, 2015 Trial" entered on November 30, 2015, in the Family Court of the First Circuit (**family court**).[1] The family court dissolved the marriage of Father and Plaintiff-Appellee M.N. (**Mother**), awarded sole legal and physical custody of the parties' child (**minor child**) to Mother, and ordered a timesharing schedule in which minor child is with Mother for four days/nights a week and with Father three days/nights a week.

On appeal, Father contends that the family court erred by: (1) awarding Mother sole legal custody of minor child because Mother engaged in patent and wilful misuse of the protection from

---

[1] The Honorable Dyan M. Medeiros presided.

abuse process under Hawaii Revised Statutes (**HRS**) Chapter 586 and engaged in repeated conduct that established that she is unable to cooperate with Father concerning minor child; and (2) refusing to consider the impact of child support upon the parties' post-divorce abilities to support their households in granting Mother's requested timesharing schedule, and instead should have granted the parties an equal number of days over two week periods.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant legal authorities, we resolve Father's points of error as follows, and we affirm.

**(1)  Legal Custody.**  Father contends that the family court erred in awarding Mother sole legal custody of minor child because Mother wilfully misused the protection from abuse process and her conduct demonstrated that she is unable to cooperate with Father concerning minor child.  In his argument, Father challenges the family court's findings of fact (**FOFs**) 17(b), 17(d), 17(f), 17(h), 21, 23, 25, 26, and ultimately, challenges conclusions of law (**COLs**) 9 and 10 which relate to the family court's award of sole legal and physical custody of minor child to Mother.[2]

---

[2]  The FOFs and COLs that Father challenges are as follows:

II. <u>FINDINGS OF FACT</u>.

.  .  .  .

17. In considering the factors enumerated in HRS §571-46(b), the Court finds as follows:

.  .  .  .

b. The parents are not able to cooperate in developing and implementing a plan to meet [minor child's] ongoing needs.

.  .  .  .

d. Based on the testimony of the parties

(continued...)

2

2(...continued)
regarding pre-school for [minor child], Wife appears to be better able to take steps to meet [minor child's] educational needs.

. . . .

f. Husband's arguments regarding custody and timesharing indicated that he has a harder time separating [minor child's] needs from his needs. Specifically, Husband's arguments didn't address why his positions were in [minor child's] best interest, they simply assumed that what he wanted was in [minor child's] best interest.

. . . .

h. Although the Court is concerned about the timing of Wife's filing of her Ex Parte Petitions for Temporary Restraining Orders in 2014, Husband didn't establish by clear and convincing evidence that Wife misused the protection from abuse process nor did he establish by clear and convincing evidence that Wife would be unable to cooperate successfully with Husband in the future regarding [minor child]. The Court therefore doesn't find that Wife misused the protection from abuse process.

. . . .

21. Based on the testimony and demeanor of the parties at trial, Husband remains hostile towards Wife and is unable to co-parent with Wife.

. . . .

23. This inability indicates that decisions for [minor child] will not be made in a timely manner if the parties share joint legal custody.

. . . .

25. If the parties had not been in trial, the Court believes that Husband would not have agreed that [minor child] could attend [the selected] pre-school.  The Court believes that Husband would have continued to ignore the need to communicate with Wife regarding this issue and would have further delayed a decision on this issue.

26. Husband's anger at Wife interferes with his ability to take actions or make decisions on [minor child's] behalf if taking those actions or making those decisions requires him to communicate and interact with Wife.

. . . .

(continued...)

3

The Hawai'i Supreme Court has held that in custody proceedings, "the paramount consideration . . . is the best interests of the child." Doe v. Doe, 98 Hawai'i 144, 156, 44 P.3d 1085, 1097 (2002) (citation and internal quotation marks omitted). HRS § 571-46(b) (Supp. 2016) provides a list of factors the family court is to examine in determining the best interest of the child. Here, the family court concluded that it was in the best interest of minor child to award sole legal and physical custody to Mother under the factors provided in HRS § 571-46(b), while maintaining the timesharing arrangement which has been in place since December 2013.

With regard to FOFs 17(b), 17(f), 21, and 26, the family court considered the testimony and demeanor of the parties and determined, *inter alia*, that Father remains hostile towards Mother. Further, with regard to FOFs 17(d), 23, and 25, the family court weighed the parties' conflicting testimony relating to pre-school enrollment for minor child. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Jenkins, 93 Hawai'i 87, 101, 997 P.2d 13, 27 (2000) (citations, internal quotation marks, and brackets omitted). Given the record and the parties' testimony, we see no basis to disturb the family court's evaluation of credibility and weighing of the evidence. In re Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001).

With regard to FOF 17(h), Father contends that Mother

---

[2](...continued)

III. CONCLUSIONS OF LAW.

. . . .

9. It is in [minor child's] best interest for Wife to be awarded sole legal custody of [minor child].

10. It is in [minor child's] best interest for Wife to be awarded sole physical custody of [minor child].

improperly filed two petitions for temporary restraining orders (**TROs**) against him that wilfully sought to deny Father's scheduled time with minor child during the holidays. The petitions, filed on December 24, 2014, and December 29, 2014, were based on alleged events going back to 2011. The petitions were denied and Father claims Mother wilfully misused the process in HRS Chapter 586, and that the family court improperly failed to consider this factor in determining the best interest of minor child, as set forth in HRS § 571-46(b)(16).

Mother, in turn, asserts she did not raise the allegations of Father's abuse for improper reasons. Rather, she testified that the TRO petitions were a culmination of her repeated attempts to seek help because of Father's behavior. Mother maintains that she was "desperate for intervention." Further, Mother testified that she filed the petitions after speaking with a doctor, who asked Mother if she had a "safety plan."

In FOF 17(h), the family court found that, although it was concerned about the timing of Mother's TRO petitions, "Husband didn't establish by clear and convincing evidence that Wife misused the protection from abuse process nor did he establish by clear and convincing evidence that Wife would be unable to cooperate successfully with Husband in the future regarding [minor child]."

HRS § 571-46(b)(16) states that:

> (b) In determining what constitutes the best interest of the child under this section, the court shall consider, but not be limited to, the following:
>
> . . . .
>
> (16) A parent's prior wilful misuse of the protection from abuse process under chapter 586 to gain a tactical advantage in any proceeding involving the custody determination of a minor. <u>Such wilful misuse may be considered only if it is established by clear and convincing evidence, and if it is further found by clear and convincing evidence that in the particular family circumstance the wilful misuse tends to show that, in the future, the parent who engaged</u>

> in the wilful misuse will not be able to cooperate successfully with the other parent in their shared responsibilities for the child. The court shall articulate findings of fact whenever relying upon this factor as part of its determination of the best interests of the child. For the purposes of this section, when taken alone, the voluntary dismissal of a petition for protection from abuse shall not be treated as prima facie evidence that a wilful misuse of the protection from abuse process has occurred.

(Emphasis added.)

Clear and convincing evidence is that "degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established, and requires the existence of a fact be highly probable." Masaki v. Gen. Motors Corp., 71 Haw. 1, 15, 780 P.2d 566, 574 (1989) (citations omitted). Under HRS § 571-46(b)(16), before the family court could consider misuse of the HRS Chapter 586 process in determining the best interests of minor child, it had to be established by clear and convincing evidence that Mother wilfully misused the Chapter 586 process and that the wilful misuse shows that in the future Mother "will not be able to cooperate successfully with" Father in their shared responsibilities for minor child.

The record demonstrates that Mother filed two TROs based on the alleged incidents that occurred between 2011 and 2014. However, she testified that she had been trying to seek assistance through her employer and that given her consultation with a doctor decided she needed to file the TROs. Given Mother's explanation for filing the petitions and the record, we cannot say that the family court erred in determining that Father failed to establish by clear and convincing evidence that Mother wilfully misused the Chapter 586 process or that any wilful misuse showed that Mother would not be able to cooperate in the future with Father regarding minor child.

In sum, the family court did not clearly err in its FOFs 17(b), 17(d), 17(f), 17(h), 21, 23, 25, and 26. Given these

findings, the unchallenged findings,[3] and the record, the family court did not abuse its discretion regarding COLs 9 and 10.

**(2) Child Support Payment.** Father contends that, in granting Mother's requested timesharing schedule, the family court erred by refusing to consider the impact of child support upon the parties' post-divorce abilities to support their households. Father argues the family court should have granted the parties equal timesharing over two week periods, which would have removed or minimized the need for child support. Father challenges the family court's COLs 8 and 11:

> 8. The payment of child support is not an appropriate factor for the Court's consideration regarding what is in the child's best interest for purposes of awarding custody and timesharing under HRS §571-46.

> . . . .

> 11. It is in [minor child's] best interest for the timesharing schedule to remain the same. The parties' regular timesharing schedule shall continue as follows: In Week #1, [minor child] shall be with Wife from Sunday morning through Thursday morning when Wife drops [minor child] off at pre-school/daycare/school and [minor child] shall be with Husband from after pre-school/daycare/school on Thursday until Sunday morning at 9:30 a.m. when he drops [minor child] off to Wife at the [designated location]. In Week #2, [minor child] shall be with Wife from Sunday morning at 9:30 a.m. through Wednesday morning when Wife drops [minor child] off at pre-school/daycare/school, [minor child] shall be with Husband from after pre-school/daycare/school on Wednesday until Saturday at 12:30 p.m. when he drops [minor child] off to Wife at the [designated location], and [minor child] shall be with Wife from Saturday at 12:30 p.m. until Sunday morning when Week #1 begins.

To the extent Father simply sought to reduce his child support payments, his argument lacks merit. However, Father appears to argue that his having to pay child support somehow affected the best interest of minor child. In determining the best interest of the child, HRS § 571-46(b) permits the consideration of other factors beyond those enumerated in the statute. In short, HRS § 571-46(b) allows for other factors to

---

[3] For instance, Father does not challenge FOF 27, which states in part that "Wife makes more of an effort to communicate and co-parent with Husband and investigates issues (such as pre-school for [minor child]) that affect [minor child] and shares what she learns with Husband."

be considered, but does not mandate it. It was thus within the family court's discretion to consider Father's argument about how timesharing impacted child support, and in turn, how the child support allegedly impacted the best interest of minor child. Nonetheless, even if the family court had exercised its discretion to consider Father's argument regarding this factor, Father failed to demonstrate any impact on the ultimate issue, *i.e.* the best interest of minor child.[4] Thus, the family court did not err in its ruling as to the timesharing schedule.

Therefore, IT IS HEREBY ORDERED that the "Decree Granting Absolute Divorce and Awarding Child Custody" entered on May 6, 2016, and the "Decision and Order Following September 21, 2015 Trial" entered on November 30, 2015, in the Family Court of the First Circuit, are affirmed.

DATED: Honolulu, Hawai'i, September 29, 2017.

On the briefs:

Rebecca A. Copeland,
for Plaintiff-Appellee.

Steven J. Kim,
for Defendant-Appellant.

*Craig H. Nakamura*
Chief Judge

*Alexa D. M. Fujise*
Associate Judge

*Jim M. Hsing*
Associate Judge

---

[4] Father does not contest the family court's FOFs 7 and 8, which state that the timesharing arrangement was agreed to by the parties following their separation in December 2013, that minor child has thus been living with this schedule since [minor child] was 22 months old, and that minor child is "doing well with the current schedule, that [minor child] knows [minor child's] schedule, and that [minor child] knows which parent [minor child] is to be with on which days." We are bound by findings of fact not challenged on appeal. Bremer v. Weeks, 104 Hawai'i 43, 63, 85 P.3d 150, 170 (2004).